T.C. Memo. 2008-240

UNITED STATES TAX COURT

NACOLEON JAMES HILLSMAN, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11617-07L.          Filed October 28, 2008.

Nacoleon James Hillsman, Jr., pro se.

Gorica B. Djuraskovic, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment as supplemented.[1]  We shall

_____

    [1]Respondent filed a declaration of Appeals Team Manager
Debra Dufek in support of respondent's motion for summary judg-
ment (respondent's declaration).  We shall refer collectively to
respondent's motion for summary judgment as supplemented and
respondent's declaration as respondent's motion.

grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner's address shown in the petition in this case was in Chicago, Illinois.

On December 30, 2002, respondent prepared a substitute for return for petitioner's taxable year 1999.

On September 19, 2005, petitioner filed a Federal income tax (tax) return for his taxable year 1999 (1999 return). In that return, petitioner showed total tax of $37,819 and tax due of $29,052. When petitioner filed his 1999 return, he did not pay the tax due shown in that return.

On February 6, 2006, respondent assessed the total tax shown in petitioner's 1999 return, additions to tax under sections 6651(a)(1)[2] and 6654(a) of $6,943 and $1,280, respectively, and interest as provided by law of $14,051.07 for petitioner's taxable year 1999.[3] (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 1999, as well

---

[2]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]On Apr. 15, 2006, respondent credited a refund of $1,402 due to petitioner for his taxable year 2005 against the liability for petitioner's taxable year 1999.

as interest as provided by law accrued after February 6, 2006, as petitioner's unpaid 1999 liability.)

On February 6, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 1999 liability.

On April 15, 2006, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid 1999 liability.[4]

On June 7, 2006, petitioner submitted to respondent Form 656, Offer in Compromise, in which petitioner offered to compromise petitioner's unpaid 1999 liability (petitioner's June 7, 2006 offer-in-compromise). In that form, petitioner offered to compromise that liability by paying $11,716 over a 24-month period. On July 19, 2006, respondent rejected petitioner's June 7, 2006 offer-in-compromise.

On July 20, 2006, respondent filed a notice of Federal tax lien with respect to petitioner's unpaid 1999 liability. On July 21, 2006, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid 1999 liability.

---

[4]The record does not establish that petitioner requested a hearing with respondent's Appeals Office (Appeals Office) with respect to the notice of intent to levy.

On August 18, 2006, petitioner submitted to respondent Form 13711, Request for Appeal of Offer in Compromise, in which he appealed respondent's rejection of petitioner's June 7, 2006 offer-in-compromise.

On August 28, 2006, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), with respect to the notice of tax lien.  In that form, petitioner indicated his disagreement with the notice of tax lien and requested a hearing with the Appeals Office.  In petitioner's Form 12153, petitioner stated in pertinent part:  "My initial Offer in Compromise * * * has been forwarded to the Office of Appeals.  A final determination regarding the outcome has not been issued, therefore, the Federal Tax Lien should be removed until * * * final resolution has been issued."

By letter dated October 19, 2006, a settlement officer with the Appeals Office who was assigned petitioner's Form 12153 (settlement officer) acknowledged receipt of that form.  That letter stated in pertinent part:

> I have scheduled a telephone conference call for you on November 21, 2006 at 9:00AM [sic].  This call will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.

On or about November 30, 2006, the settlement officer sent petitioner a letter that stated in pertinent part:

I sent you a letter offering you a telephonic Collec-
tion Due Process conference.  The conference was sched-
uled for 11/21/2006.

I confirmed your rejected offer has been assigned to
someone in the New York Appeals Office.  I will re-
schedule your due process hearing on the filed tax lien
for January 2 * * * [illegible], 2006 [sic] @ 10:00AM
[sic].  I hope that a decision would have been made on
the offer before the scheduled hearing date.   * * * At
this time, the Appeals Office will not recommend a
release of the tax lien.

Once I complete your hearing on the tax lien issue we
will make a determination in the Collection Due Process
hearing you requested by reviewing the Collection
administrative file and whatever information you have
already provided.

On a date not disclosed by the record, petitioner made a so-
called short-term deferred payment offer[5] of $15,000.02 to be
paid over a period of 24 months to compromise petitioner's unpaid
1999 liability.  On January 24, 2007, respondent accepted that
offer (petitioner's accepted offer-in-compromise).

On April 23, 2007, the Appeals Office issued to petitioner a
notice of determination concerning collection action(s) under
section 6320 and/or 6330 (notice of determination) with respect
to petitioner's taxable year 1999.  That notice stated in perti-
nent part:

---

[5]The term "short-term deferred payment offer" refers to an
amount that a taxpayer offers to compromise the taxpayer's tax
liability and that is to be paid in more than 90 days, but within
24 months, after written notice of acceptance by the Commissioner
of Internal Revenue (Commissioner) of the offered amount.  See
Internal Revenue Manual (IRM) pt. 5.8.1.9.4(3) (Sept. 1, 2005).

**Summary of Determination**
Based on all the documents that were presented we determined the filing of the tax lien was appropriate. The Service followed all applicable procedures and guidelines in the filing of the Notice of Federal Tax Lien.

Since the filing of the tax lien your offer-in-compromise was submitted for acceptance. The Offer Unit determined the amount offered was adequate. The tax lien will be released once you have met the terms of the offer-in-compromise.

The notice of determination included an attachment that

stated in pertinent part:

### SUMMARY AND RECOMMENDATION

You requested a hearing from Appeals under the provisions of Internal Revenue Code (IRC) [section] 6320 on the above income tax periods. The Form 12153, Request for a Due Process Hearing was timely filed. You were provided the opportunity to a telephone, correspondence or face-to-face hearing. A telephone hearing was conducted.

The Internal Revenue Service followed all legal and administrative requirements in filing the tax lien against you. It was determined that this action was the most efficient collection method when the Notice of Federal Tax Lien was requested.

The Offer Unit filed the offer [sic] after rejecting your submitted offer-in-compromise. You filed a timely appeal with the Offer Unit protesting the rejection. The Offer Unit reinvestigated your offer and has recommended acceptance of your offer. The tax lien will be released as soon as the terms of the offer are met.

### BRIEF BACKGROUND

A tax lien was filed against you because of your outstanding tax liability amount. Your income tax return was prepared by the Service because you neglected to file the tax return.

You filed an offer-in-compromise to resolve the tax liability.  Your offer was rejected and you filed a timely appeal protesting the rejection.  The Settlement Officer contacted the Offer Unit on the status of your offer.  The Settlement Officer was notified your offer was recommended and submitted for approval.

## DISCUSSION AND ANALYSIS

Verification of legal procedural requirements:

Appeals has obtained verification from the IRS office collecting the tax that the requirements of any applicable law, regulation or administrative procedure with respect to the proposed levy or NFTL filing[6] have been met.  Computer records indicate that the notice and demand, notice of intent to levy and/or notice of federal tax lien filing, and notice of a right to a Collection Due Process hearing were issued.

Assessment was properly made per IRC § 6201 for each tax and period listed on the CDP notice.

The notice and demand for payment letter was mailed to the taxpayer's last known [address.]

IRC [section] 6321 states that a statutory lien arises when a taxpayer neglects or refuses to pay a tax liability after notice demand [sic] and demand.  To be valid against third parties except government entities, notice of the lien must be filed in the proper place for filing per IRC [section] 6323(a) and (f).  A review of your account indicates that you neglected or refused to pay after notice and demand.

IRC [section] 6323(j) allows the Internal Revenue Service to withdraw a Notice of Federal Tax Lien (NFTL).  A NFTL may be withdrawn if the filing of the notice was premature or otherwise not in accordance with the Service's administrative procedures, if the taxpayer entered into an [installment] payment agree-

_____

[6]See supra note 4.  Although the notice of determination refers to "the proposed levy or NFTL filing", the only collection action that the Appeals Office sustained in that notice was the filing of the notice of Federal tax lien with respect to petitioner's taxable year 1999.

ment under Section 6159 to satisfy the tax liability for which the lien was imposed by means of the agreement unless such agreement provides otherwise, if withdrawal of such notice will facilitate the collection of the tax liability, or if with the consent of the taxpayer or National Taxpayer Advocate, the withdrawal of the notice would not [sic] be in the best interest of the taxpayer (as determined by the National Taxpayer Advocate) and the United States (as determined by the IRS).

> ➤ The filing of the NFTL was not premature and followed administrative guidelines.

> ➤ There was no [installment] payment agreement [under section 6159] or the agreement provided for the filing of the NFTL.

> ➤ Neither the taxpayer nor Appeals contends that withdrawal would facilitate collection.

Withdrawal is considered not to be in the best interest of the Government.

There was a balance due when the CDP levy notice was issued or when the NFTL filing was requested.

**Prior involvement**:

I had no prior involvement with respect to the specific tax periods either in Appeals or Compliance Collection.

**Collection statute verification**:

The collection statute has been suspended; the collection period allowed by statute to collect these taxes has been suspended by the appropriate computer codes for the tax periods at issue.

Collection followed all legal procedural requirements and the actions taken or proposed were appropriate under the circumstances.

## Issues raised by the taxpayer

### Collection Alternatives Offered by Taxpayer

Your due process request form indicated your initial offer was rejected and you appealed the decision. You believe the filing of the tax lien was premature and the tax lien should be removed until a final resolution was made on your offer.

A review of your account revealed you had an outstanding tax liability totaling over $50,000.00. Because of your outstanding tax liability amount and the rejection of your offer, the filing of the tax lien was not premature.

A telephone hearing was conducted with you and you notified the Settlement Officer that your offer has been approved. The Settlement Officer contacted the Offer Unit, Ms. Smeck and verified the acceptance of your offer.

You were notified the tax lien would be released once the terms of your offer were met. Because you chose not to sign the Waiver form this determination letter was issued to you.

### Challenges to the Existence of Amount of Liability

You did not challenge the liability at your hearing.

**You raised no other relevant issues.**

### Balancing of need for efficient collection with taxpayer concern that the collection action be no more intrusive than necessary.

The tax lien will not be withdrawn by Appeals and is believed to be [the] most appropriate action. IRC [sections] 6320 and 6330 require that the Appeals Office consider whether a proposed collection action balances the need for efficient collection of taxes with the legitimate concern that any collection be no more intrusive than necessary. The filing of the tax lien was determined to be the most effective method of collection when it was filed.

The tax lien will be released as soon as the terms of your offer are met.

As of April 23, 2007, the date on which the Appeals Office issued to petitioner the notice of determination, petitioner had not begun making the 24 monthly payments required under the terms of petitioner's accepted offer-in-compromise. Since May 18, 2007, petitioner has made, and as of August 4, 2008, has continued to make, those required monthly payments.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

In petitioner's response to respondent's motion, petitioner does not dispute the existence or the amount of petitioner's unpaid 1999 liability. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner for abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 181-182 (2000).

It is petitioner's position that the Appeals Office abused its discretion in determining in the notice of determination to sustain the Federal tax lien with respect to petitioner's unpaid

1999 liability and the filing of the notice of that lien.[7]

According to petitioner, the Federal tax lien with respect to that liability "was pre-maturely placed on my account" and should be "removed" because he has been making the payments required under the terms of petitioner's accepted offer-in-compromise.

Section 6321 provides:

SEC. 6321.  LIEN FOR TAXES.

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

Section 6322 provides that "the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed * * * is satisfied or becomes unenforceable by reason of lapse of time."  As pertinent here, section 6325(a)(1) provides that the Secretary of the Treasury shall issue a certificate of release of a Federal tax lien no later than 30 days after the day on which the "Secretary finds that the liability for the amount assessed, together with

---

[7]In the notice of determination, the Appeals Office determined that "The tax lien will be released once * * * [petitioner has] met the terms of the offer-in-compromise."  The Appeals Office also determined in the notice of determination that respondent followed all applicable procedures and guidelines in filing the notice of Federal tax lien with respect to petitioner's unpaid 1999 liability and that withdrawal of that notice is not appropriate at this time.

all interest in respect thereof, has been fully satisfied or has become legally unenforceable".

Consistent with section 6325(a)(1), part 5.17.2.7.3(2) of the IRM (Oct. 31, 2000) provides that "A Certificate of Release of the federal tax lien is authorized" where, inter alia, the "amount assessed (plus interest) is paid."  Part 5.17.2.7.3.2(1) of the IRM (Oct. 31, 2000) provides in pertinent part:

> (1)  When the Service accepts an offer in compromise, * * * the lien against the taxpayer is released, provided that all of the following conditions are met:
>
> a.  It is a cash offer, or all installments under the terms of the offer, including any accrued interest, have been paid.

If a taxpayer makes a cash offer to compromise a tax liability, the offer amount must be paid within 90 days after the date on which the Commissioner accepts the offer.  IRM pt. 5.8.1.9.4(3) (Sept. 1, 2005).

On February 6, 2006, respondent assessed petitioner's unpaid 1999 liability and issued to petitioner a notice of balance due with respect to that liability.  On that date, a Federal tax lien arose by operation of law in favor of the United States on all property and rights to property belonging to petitioner with respect to petitioner's unpaid 1999 liability.  See sec. 6322. On a date not disclosed by the record, petitioner made a short-term deferred payment offer of $15,000.02 to compromise that

liability.[8]  Pursuant to that offer, petitioner agreed to pay $15,000.02 in 24 monthly payments to commence after written notice of respondent's acceptance of that offered amount.  On January 24, 2007, respondent accepted petitioner's offer of $15,000.02 to compromise petitioner's unpaid 1999 liability.  As of April 23, 2007, the date on which the Appeals Office issued to petitioner the notice of determination, petitioner had not made all of the 24 monthly payments required under the terms of petitioner's accepted offer-in-compromise.  We conclude that respondent was not required to release the Federal tax lien with respect to petitioner's unpaid 1999 liability.[9]  See sec. 6325(a)(1); IRM pt. 5.17.2.7.3(2), 5.17.2.7.3.2(1).

Nor was respondent required to withdraw the notice of Federal tax lien filed with respect to petitioner's unpaid 1999 liability.  Section 6323(a) provides that the "lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."  When respondent

---

[8]Thus, petitioner's offer was not a cash offer.

[9]Form 656, Offer in Compromise, indicates that, where the Commissioner has accepted an offer to compromise a tax liability, the taxpayer remains liable for that liability until the taxpayer has satisfied all of the terms of the offer-in-compromise.  See IRM pt. 5.9.4.9.1(1) (Jan. 1, 2006).  Petitioner remains liable for petitioner's unpaid 1999 liability until he satisfies all of the terms of petitioner's accepted offer-in-compromise.

assessed petitioner's unpaid 1999 liability on February 6, 2006, a Federal tax lien arose by operation of law in favor of the United States on all property and rights to property belonging to petitioner with respect to petitioner's unpaid 1999 liability. Pursuant to section 6323(a), on July 20, 2006, respondent filed a notice of Federal tax lien with respect to that liability in order to protect respondent's interest in petitioner's property against other creditors of petitioner.[10]

Section 6323(j)(1) provides in pertinent part:

> (1) In general.--The Secretary may withdraw a notice of a lien filed under this section * * * if the Secretary determines that--
>
> > (A) the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary * * *

We conclude that the filing of the notice of Federal tax lien with respect to petitioner's unpaid 1999 liability was not premature.

We also conclude that the filing of the notice of Federal tax lien with respect to petitioner's unpaid 1999 liability was otherwise "in accordance with administrative procedures of the Secretary". Cf. sec. 6323(j)(1)(A). Part 5.12.2.3(1) of the IRM

---

[10]See also pt. 5.12.2.4.1(1) of the IRM (May 20, 2005) (generally a notice of Federal tax lien should be filed if "the aggregate * * * [unpaid balance of assessment] is $5,000 or more"). As of the date on which respondent filed the notice of Federal tax lien with respect to petitioner's unpaid 1999 liability, petitioner's unpaid 1999 liability was substantially in excess of $5,000.

(May 20, 2005) provides that the Commissioner must make reasonable efforts to contact a taxpayer before filing a notice of Federal tax lien in order to advise the taxpayer that such a notice may be filed if the taxpayer does not make full payment of a tax liability when requested. Part 5.12.2.3(1) of the IRM further provides that the issuance of a notice of balance due under section 6303(a) constitutes reasonable efforts to contact the taxpayer. Before filing the notice of Federal tax lien, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 1999 liability and thereby made reasonable efforts to contact him, as required by the Internal Revenue Manual.

Based upon our examination of the entire record before us, we find that the Appeals Office did not abuse its discretion in making the determinations in the notice of determination with respect to petitioner's taxable year 1999.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.