# United States Tax Court

T.C. Memo. 2025-66

BOBBY G. GLASER AND CATHLEEN A. GLASER,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 17336-23L.                                    Filed June 23, 2025.

————

Bobby G. Glaser and Cathleen A. Glaser, pro sese.

*Jennifer A. Brooker* and *Donna L. Crosby*, for respondent.

## MEMORANDUM OPINION

MARVEL, *Judge*:  This case is before the Court for disposition pursuant to Rule 122.[1]  Petitioners, Bobby G. Glaser and Cathleen A. Glaser (together, Glasers), seek review of respondent's determination to sustain the filing of a Notice of Federal Tax Lien (NFTL) securing the collection of income tax liabilities they owe for their 2015 and 2021 taxable years (years at issue).  The Glasers argue that respondent should have withdrawn the NFTL.  We uphold respondent's determination to sustain the NFTL filing.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  Some monetary amounts have been rounded to the nearest dollar.

[*2]                             *Background*

The parties submitted this case fully stipulated under Rule 122. The stipulated facts and facts drawn from the stipulated Exhibits are incorporated herein by this reference. The Glasers resided in California when they filed their Petition.[2]

The Glasers timely filed their joint federal income tax return for 2015 on August 17, 2016, after receiving an extension of time to file. They reported a $127,297 tax liability and a $5,397 credit for tax withholding, but they did not pay the full balance due with their return. On September 26, 2016, respondent assessed (1) the reported income tax liability, (2) an addition to tax for failure to timely pay, *see* § 6651(a)(2), (3) an addition to tax for failure to pay estimated tax, *see* § 6654, and (4) interest, *see* § 6601. Respondent recorded issuing a notice and demand for payment letter for the Glasers' 2015 taxable year on the same date.[3]

The Glasers timely filed their joint federal income tax return for 2021 on October 17, 2022, after receiving an extension of time to file. They reported a $98,080 tax liability and a $9,076 credit for tax withholding, but they did not pay the full balance due with their return. On November 21, 2022, respondent assessed (1) the reported tax liability, (2) an addition to tax for failure to timely pay, and (3) interest. Respondent recorded issuing a notice and demand for payment letter for the Glasers' 2021 taxable year on the same date.[4]

On April 18, 2023, respondent recorded a request from the Glasers to revise an existing installment agreement for the years at issue.[5] On May 2, 2023, respondent issued the Glasers a Letter 2603C accepting their request and granting a revised installment agreement of $2,000 per month to pay the tax liabilities for the years at issue. The

---

[2] Unless otherwise agreed by the parties in writing, *see* § 7482(b)(2), venue for an appeal is the U.S. Court of Appeals for the Ninth Circuit, *see* § 7482(b)(1)(G)(i).

[3] The letter is not in the record. Its issuance is established by a computerized transcript maintained by respondent. *Cf. infra* note 6.

[4] The letter is not in the record. Its issuance is established by a computerized transcript maintained by respondent. *Cf. infra* note 6.

[5] The record indicates that the Glasers made the request on Form 9465, Installment Agreement Request, dated December 29, 2022, but the Form 9465 is not in the record. Although the record reveals little about the installment agreement before it was revised, the record discloses that the Glasers had periodically made payments of $1,500 since 2017.

[*3] Letter 2603C stated in part: "Although you made arrangements with us to pay your tax monthly, if you don't pay the entire amount you owe by May 08, 2023, we may file a Notice of Federal Tax Lien to protect the government's interest."

On May 24, 2023, an employee of respondent prepared and signed an NFTL for the years at issue. The NFTL reflected a then-outstanding balance of $123,043. On June 8, 2023, respondent sent the Glasers a Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320. On June 9, 2023, the San Diego County Recorder in San Diego, California, recorded the NFTL. The Glasers timely requested a section 6320 hearing for the years at issue on Form 12153, Request for a Collection Due Process or Equivalent Hearing. On their Form 12153, the Glasers requested that the NFTL be withdrawn and stated that an installment agreement had already been approved. They did not challenge their underlying tax liabilities.

On August 10, 2023, Appeals Officer Kristine Martinez-Padua (AO Martinez-Padua) of the Internal Revenue Service (IRS) Independent Office of Appeals (Appeals) sent the Glasers a Letter 4837, Appeals Received Your Request for a Collection Due Process Hearing, setting a telephone conference for September 19, 2023. The Letter 4837 stated in part: "I considered whether any of the criteria for allowing withdrawal of the NFTL [existed] in your case under [section 6323(j)]. There is nothing [in] the Collections administrative file at this time that indicates withdrawal of the filed lien should be considered." It gave the Glasers 14 days to provide additional information in support of their request for respondent to withdraw the NFTL.

On September 19, 2023, AO Martinez-Padua held the scheduled telephone conference with Mr. Glaser; Mrs. Glaser did not participate. AO Martinez-Padua explained that the Letter 2603C had informed the Glasers that an NFTL might be filed and had provided them until May 8, 2023, to pay their tax liabilities in full to avoid the NFTL filing. Mr. Glaser stated that was not enough time to pay in full. AO Martinez-Padua asked whether the Glasers could pay the liabilities in full within 30 days and stated that she would consider withdrawing the NFTL in that case, but Mr. Glaser said they could not. AO Martinez-Padua stated that the NFTL filing was sustained. She also stated that additional collection action would not occur unless the installment agreement was in default.

**[\*4]** On October 27, 2023, Appeals issued the Glasers a Notice of Determination Concerning Collection Actions under IRS Sections 6320 or 6330 of the Internal Revenue Code (Notice of Determination). The Notice of Determination states that AO Martinez-Padua "considered whether any of the criteria for allowing withdrawal of the NFTL [existed] in your case under [section 6323(j)]." It states that "[w]e provided 14 days from the date of the [Letter 4837] for information to be submitted to consider withdrawing the NFTL" and that "[t]here is nothing [in] the Collections administrative file at this time that indicates withdrawal of the filed lien should be considered." It also states: "We discussed the ability to full pay within 30 days and withdrawing the NFTL after the balances were full paid. However, you indicated you were unable to full pay at this time and/or within 30 days." The Notice of Determination sustained the NFTL filing. The Glasers timely filed their Petition in this Court on November 2, 2023.

## *Discussion*

### I.     *General Principles*

#### A.     *Background*

When the IRS assesses tax and demands payment, section 6321 automatically imposes a tax lien on the taxpayer's property or property rights. The lien is treated as arising from the time of assessment. *See* § 6322. To perfect this lien, the IRS must file an NFTL, generally in the county where the taxpayer's property is situated. *See* § 6323(a), (f)(1). Section 6320 requires the IRS to send notice to the taxpayer that it has filed the NFTL. *See* § 6320(a)(1) and (2). This notice must also inform the taxpayer of the taxpayer's right to request a hearing. *See* § 6320(a)(3)(B). At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or the lien, including appropriate spousal defenses, challenges to the appropriateness of collection action, and offers of collection alternatives, and may challenge the existence or amount of the underlying tax liability if there has been no prior opportunity to do so. *See* §§ 6320(c), 6330(c)(2). The determination by the Appeals officer must take into consideration the relevant issues raised by the taxpayer, as well as verification that the requirements of any applicable law or administrative procedure have been met and whether any proposed collection action balances the need for the efficient collection of tax with the legitimate concern of the person that any collection action be no more intrusive than necessary. *See* §§ 6320(c), 6330(c)(3).

**[\*5]** B. *Jurisdiction and Standard of Review*

We have jurisdiction to review Appeals' determination concerning collection actions when the taxpayer petitions for review. *See* §§ 6320(c), 6330(d)(1). Where the validity of the taxpayer's underlying liability is properly at issue, *see* § 6330(c)(2)(B), we review the underlying liability de novo, *Sego v. Commissioner*, 114 T.C. 604, 610 (2000). Underlying liability includes additions to tax. *See Katz v. Commissioner*, 115 T.C. 329, 339 (2000). We review the IRS's determinations respecting any nonliability issues for abuse of discretion. *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).

C. *Scope of Review*

Absent a written agreement to the contrary, venue for an appeal is the Ninth Circuit. *See supra* note 2. "That court has held that, where de novo review is not applicable, the scope of review in . . . cases [brought under sections 6320 and 6330] is confined to the administrative record." *Starcher v. Commissioner*, T.C. Memo. 2021-144, at \*7 (citing *Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases); *see also Golsen v. Commissioner*, 54 T.C. 742, 757 (1970) ("[B]etter judicial administration[] requires us to follow a Court of Appeals decision which is squarely in point where appeal from our decision lies to that Court of Appeals . . . ." (Footnote omitted.)), *aff'd*, 445 F.2d 985 (10th Cir. 1971). In other words the Ninth Circuit has linked the applicable scope of review with the applicable standard of review.

We are not confined to the administrative record when de novo review is applicable, such as when a taxpayer has made a proper challenge to an underlying liability. *See Zaimes v. Commissioner*, T.C. Memo. 2023-121, at \*7. The Glasers did not challenge their underlying tax liabilities during the Appeals hearing or in their briefs. The Glasers' Simultaneous Opening Brief states: "Petitioners have stipulated to the . . . liability in this matter." Accordingly, we do not apply de novo review in this case.

**[\*6]** II.    *Analysis*

We review the administrative record to determine whether Appeals (1) properly verified that the requirements of applicable law or administrative procedure have been met; (2) considered any relevant issues that the Glasers raised; and (3) considered whether the NFTL balances the need for the efficient collection of taxes with the Glasers' legitimate concern that any collection action be no more intrusive than necessary.  *See* §§ 6320(c), 6330(c)(3); *Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001).

A.    *Verification*

We have authority to review satisfaction of the verification requirement regardless of whether the taxpayer raised the issue at the section 6320 hearing.  *See Hoyle v. Commissioner*, 131 T.C. 197, 200–03 (2008), *supplemented by* 136 T.C. 463 (2011).  AO Martinez-Padua confirmed that assessments were properly made for each tax and period; that a notice and demand for payment was properly issued; that a balance was due when the notice and demand for payment was sent or the NFTL filing was requested; that notice of a right to a section 6320 hearing was properly issued; and that she had no prior involvement with respect to the tax or periods at issue.[6]  The Glasers have not challenged any aspect of AO Martinez-Padua's verification that all legal and administrative requirements were met.  AO Martinez-Padua properly verified that all of the applicable requirements were met.

B.    *Issue Raised*

The sole issue reviewable for abuse of discretion that was raised during the section 6320 hearing and preserved in the Petition concerns whether respondent should have withdrawn the NFTL.  Section 6323(j)(1) authorizes withdrawal of an NFTL if (1) "the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary," (2) the taxpayer has

---

[6] The Case Activity Record states that AO Martinez-Padua "[r]eviewed TXMOD transcripts to verify the IRS met all applicable requirements of law & administrative procedures."  This is an appropriate method of verification.  *See Sherwood v. Commissioner*, T.C. Memo. 2005-268, 2005 WL 3108165, at \*6 ("An Appeals officer may use computer transcripts of account for a taxpayer to verify that requirements of applicable law and administrative procedure have been met."); *Kaeckell v. Commissioner*, T.C. Memo. 2002-114, 2002 WL 881932, at \*3 ("Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.").

**[\*7]** entered into an installment agreement "unless such agreement provides otherwise," (3) withdrawal of the NFTL "will facilitate the collection of the tax liability," or (4) withdrawal of the NFTL "would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States." *See Chavis v. Commissioner*, 158 T.C. 175, 186 (2022). "If the Commissioner determines conditions for withdrawal are present, the Commissioner may (but is not required to) authorize the withdrawal." Treas. Reg. § 301.6323(j)-1(c); *see Berkery v. Commissioner*, T.C. Memo. 2011-57, 2011 WL 820834, at \*4 ("Section 6323(j)(1) is permissive. Although section 6323(j)(1) allows the Commissioner to withdraw [an] NFTL for any of the listed reasons, it does not require him to do so.").

Although the Glasers argue that each of the grounds in section 6323(j)(1) is satisfied, Appeals did not abuse its discretion in declining to withdraw the NFTL. Regarding the first ground, we disagree with the Glasers' argument that it is satisfied. The NFTL filing was not premature. As already stated, AO Martinez-Padua verified that assessment had been properly made, that notice and demand for payment had been properly issued, and that a balance was due when the NFTL was filed. *See Crisan v. Commissioner*, T.C. Memo. 2007-67, 2007 WL 858731, at \*3; *see also Hillsman v. Commissioner*, T.C. Memo. 2008-240, 2008 WL 4722651, at \*6. The Glasers have not argued that any other administrative requirement was unmet. Furthermore, they state in their Simultaneous Opening Brief that they "have stipulated that the IRS has fulfilled all statutory requirements to execute a lien on [their] property."

Regarding the second ground, while the Glasers entered into an installment agreement with respondent, "[e]ntering into an installment agreement does not preclude the filing of a Federal tax lien, nor is the Commissioner required to withdraw a Federal tax lien after an installment agreement has become effective." *Crisan v. Commissioner*, 2007 WL 858731, at \*3; *see* Treas. Reg. § 301.6331-4(b)(1) (permitting the IRS to "take actions other than levy to protect the interests of the Government with regard to the liability identified in an installment agreement or proposed installment agreement," including "[f]iling or refiling notices of Federal tax lien"). AO Martinez-Padua correctly observed that the Letter 2603C reserved the right to file an NFTL. The Internal Revenue Manual (IRM) states that NFTL "[w]ithdrawal may be considered but is not mandatory" when "[t]he installment agreement (or an additional condition to the agreement) provide[s] that an NFTL may be filed." IRM 5.12.9.3.2(2) (Sept. 6, 2019). It further states that

[*8] "[a]dditional conditions might be stipulated . . . in an acknowledgment letter." *Id.* Here, the Letter 2603C stated that an NFTL could be filed if the entire amount owed was not paid by May 8, 2023. It did not state that an NFTL would be filed only if the installment agreement was in default. *Cf.* Treas. Reg. § 301.6323(j)-1(b)(5) (example 2). AO Martinez-Padua properly determined that the Glasers' entry into an installment agreement did not require a withdrawal of the NFTL.

With respect to the third ground, the Letter 4837 gave the Glasers the opportunity to submit information for AO Martinez-Padua to consider in relation to the NFTL withdrawal request, but the Glasers did not submit any information. As a result, AO Martinez-Padua had no grounds to conclude that withdrawal of the NFTL would facilitate the collection of the Glasers' tax liabilities. *See Berkery v. Commissioner*, 2011 WL 820834, at *5 (stating that the record did not establish that an NFTL impaired a taxpayer's ability to pay his outstanding tax liabilities where he "offered no evidence that he has been rejected for a loan because of the NFTL, or even that he has applied for a loan since [the Commissioner] filed the NFTL," even though "[i]t is no doubt true that the NFTL lowered [the taxpayer's] credit score"); *cf. Budish v. Commissioner*, T.C. Memo. 2014-239, at *23 (distinguishing *Berkery* and other cases where a taxpayer "presented evidence of potential financial hardship" and the settlement officer did "not appear to have rejected [it] as unsubstantiated but, nonetheless, did reject [it] simply because she apparently felt she had no other choice").

Finally, the Glasers contend that the fourth ground is satisfied because they "absolutely give consent" to withdrawal of the NFTL. Nonetheless, this is insufficient because "[n]either the Secretary nor his designee determined that the withdrawal of the NFTL was in the best interest of the United States." *Banks v. Commissioner*, T.C. Memo. 2019-166, at *14, *aff'd*, 855 F. App'x 429 (9th Cir. 2021). AO Martinez-Padua did not abuse her discretion in declining to withdraw the NFTL because none of the grounds for NFTL withdrawal in section 6323(j)(1) existed. *Cf. Reynolds v. Commissioner*, T.C. Memo. 2021-10, at *40 ("[T]he Secretary is not required to withdraw an NFTL even for one of the reasons stated in section 6323(j).").

C. *Balancing*

Section 6330(c)(3)(C) requires Appeals to take into consideration whether a proposed collection action balances the need for efficient tax

[*9] collection with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. In this regard, the Notice of Determination states that "[t]he NFTL is not more intrusive than necessary because it protects the government's interest in collecting the liabilities. You do not qualify for a lien withdrawal or release at this time." It further states that "[t]he NFTL is filed regularly on balances due, [and] when it does not appear, [it is because] the liability will be satisfied in a short period of time after notice and demand is given."

AO Martinez-Padua appropriately balanced the need for efficient tax collection with the Glasers' legitimate concern that any collection action be no more intrusive than necessary. The NFTL secures respondent's interest in the tax liabilities the Glasers owe against the claims of other creditors. AO Martinez-Padua offered to consider information supporting NFTL withdrawal, but the Glasers did not provide any. She also offered to withdraw the NFTL if the Glasers would pay their tax liabilities in full within 30 days of the September 19, 2023, telephone conference, which Mr. Glaser declined. While AO Martinez-Padua sustained the NFTL filing, she also informed the Glasers that no additional collection action would occur if they did not default on the installment agreement. *Cf.* § 6331(k)(2) (prohibiting a levy on property or rights to property while an installment agreement is pending or in effect); Treas. Reg. § 301.6331-4.

The Glasers argue that factors including their "high credit rating," "cooperation . . . with the IRS process," and "stability living at the same address for over 30 years" counsel in favor of withdrawing the NFTL. They also argue that their previous installment agreement did not result in an NFTL filing because they did not "violate the terms." We acknowledge the Glasers' frustration with the process of revising their installment agreement. The Glasers, however, did not provide any information to Appeals in support of their NFTL withdrawal request, let alone information establishing that NFTL withdrawal was warranted. AO Martinez-Padua thus did not abuse her discretion in determining that the NFTL appropriately balanced the need for efficient tax collection with the Glasers' legitimate concerns. *Cf. Kehoe v. Commissioner*, T.C. Memo. 2013-63, at *12–13 (holding that the Commissioner did not abuse his discretion in refusing to withdraw an NFTL, in conjunction with the execution of an installment agreement, where the taxpayers had a history of tax compliance and demonstrated they would be financially harmed by the NFTL filing).

**[\*10]** III.    *Conclusion*

Appeals did not abuse its discretion in declining to withdraw the NFTL or in any other respect.  We will thus sustain the collection action determined in the Notice of Determination.

We have considered all of the parties' arguments and, to the extent they are not discussed herein, find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate decision will be entered.*